UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x
LINDA GRIFFITH,

                Plaintiff,                        **MEMORANDUM AND ORDER**
                                                                16-CV-6042 (WFK)

                -against-

CITI MORTGAGE INC.; CITI BANK, NA,

                Defendants.
------------------------------------------------------------x

**WILLIAM F. KUNTZ, II, United States District Judge:**

Linda Griffith ("Plaintiff") brings this *pro se* action pursuant to federal-question jurisdiction under 28 U.S.C. § 1331, and has paid the requisite filing fee to initiate the action. Plaintiff's complaint is dismissed for lack of subject-matter jurisdiction. Plaintiff, however, is granted thirty (30) days leave to submit an amended complaint.

**I. Background**

The following facts, which are assumed true for purposes of this memorandum and order, are drawn from plaintiff's pleading and the attached exhibits. Plaintiff appears to allege that her signature was forged on a residential mortgage and promissory note and seeks recession of the mortgage and monetary damages. Compl. at 6, ECF No. 1.

**II. Standard of Review**

A complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Matson v. Bd. of Educ.*, 631 F.3d 57, 63 (2d Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). Although all allegations contained

1

in the complaint are assumed to be true, this tenet is "inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678.

A *pro se* plaintiff's pleadings are held "to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (quoting *Estelle v. Gamble*, 429 U.S. 97, 104–05 (1976)); *see Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009) (noting the court "remain[s] obligated to construe a *pro se* complaint liberally," even post-*Twombly*).

A district court may dismiss a case, *sua sponte*, if it determines that the Court lacks subject-matter jurisdiction or that the action is frivolous. *Fitzgerald v. First East Seventh Street Tenants Corp.*, 221 F.3d 362, 363–64 (2d Cir. 2000); *see also Hawkins–El III v. AIG Federal Savings Bank*, 334 Fed. Appx. 394, 395 (2d Cir. June 18, 2009) (affirming district court's *sua sponte* dismissal of fee paid frivolous complaint); *Paige v. City of New York*, 10-CV-5469, 2011 WL 3701923, at *2 (E.D.N.Y. Aug. 23, 2010) (Townes, J.).

### III. Discussion

#### a. Lack of Subject Matter Jurisdiction

The federal courts are "courts of limited jurisdiction" and may not preside over cases absent subject matter jurisdiction. *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546 (2005). "Congress has granted district courts original jurisdiction over cases in which there is a federal question, *see* 28 U.S.C. § 1331, and certain cases between citizens of different states, so long as the requirements of complete diversity and amount in controversy are met, *see* 28 U.S.C. § 1332." *Perdue Pharma L.P. v. Kentucky*, 704 F.3d 208, 213 (2d Cir. 2013). "[B]ecause [subject matter jurisdiction] involves a court's power to hear a case, [it] can never be forfeited or waived." *United States v. Cotton*, 535 U.S. 625, 630 (2002). "[W]hen a federal court concludes that it lacks subject-matter jurisdiction, the court must dismiss the complaint in its entirety."

*Arbaugh v. Y & H Corp.*, 546 U.S. 500, 514 (2006).

### 1. Federal Question Jurisdiction

Section 1331 gives the court "original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331; *see also Bracey v. Bd of Educ. of City of Bridgeport*, 368 F.3d 108, 113 (2d Cir. 2004). A case arises under federal law where federal law creates the cause of action or where "the well-pleaded complaint 'necessarily depends on resolution of a substantial question of federal law.'" *Id.* (quoting *Franchise Tax Bd. v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 28 (1983)).

Even when construed liberally, Plaintiff's claims are not premised on a violation of any federal constitutional or statutory right. Furthermore, the complaint fails to present a substantial federal question. Plaintiff cites to 8 U.S.C. § 1324; 18 U.S.C. §§ 1010, 1011 and 1012; and 41 U.S.C. § 6503 as the jurisdictional basis for this action. Section 1324 concerns bringing in and harboring aliens, and thus, is not applicable to this action. Moreover, 18 U.S.C. §§ 1010 et seq. are criminal statutes with no private right of action. *Rivera v. Golden Nat'l Mortg. Banking Corp.*, 00 CIV. 4368, 2001 WL 716908, at *3 (S.D.N.Y. June 26, 2001) (Batts, J.). Finally, 41 U.S.C. § 6503 covers breach of a contract under 41 U.S.C. § 6502, which deals with contracts "made by an agency of the United States for the manufacture or furnishing of materials, supplies, articles, or equipment, in an amount exceeding $10,000" and thus, is not applicable to the instant action.

### 2. Diversity of Citizenship

The Court also lacks subject-matter jurisdiction on the basis of diversity of citizenship. "In an action in which jurisdiction is premised on diversity of citizenship, diversity must exist at

the time the action is commenced." *Universal Licensing Corp. v. Paola del Lungo S.p.A.*, 293 F.3d 579, 581 (2d Cir. 2002). To establish diversity jurisdiction, there must be complete diversity of citizenship between the plaintiff and all defendants. *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 553 (2005). This means plaintiff cannot be a citizen of the same state any one of the defendants. The party asserting jurisdiction bears the burden of proof. *DiTolla v. Doral Dental IPA of N.Y.*, 469 F.3d 271, 275 (2d Cir. 2006).

Plaintiff is an individual who resides in Yonkers, New York, and thus is a citizen of New York for diversity purposes. 28 U.S.C. § 1332(a)(1). A corporation is a citizen both of its state of incorporation and the state of its principal place of business. 28 U.S.C. § 1332(c)(1); *Universal Licensing Corp.*, 293 F.3d at 581. Here, Plaintiff appears to allege that defendant Citi Mortgage is a citizen of Missouri and defendant Citibank NA is a citizen of New York. Accordingly, the Court finds diversity jurisdiction does not exist, unless the lack of diversity jurisdiction can be cured upon amendment. *See, e.g., Pearson v. Reid-Robinson*, 632 Fed. Appx. 19 (2d Cir. 2016) (permitting "plaintiffs to amend complaints to drop dispensable nondiverse defendants whose presence would defeat diversity of citizenship" (internal quotation marks and citation omitted)).

### III. Conclusion

It is hereby ordered that the complaint is dismissed without prejudice for lack of subject matter jurisdiction. Fed. R. Civ. P. 12(h)(3). Plaintiff is granted thirty (30) days leave to submit an amended complaint to establish a good faith basis for the Court's subject-matter jurisdiction. Although Plaintiff paid the filing fee to initiate the action, the Court certifies pursuant to 28 U.S.C. § 1915 (a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal. *See Coppedge v. United*

*States*, 369 U.S. 438, 444–45 (1962).

SO ORDERED.

s/ WFK

WILLIAM F. KUNTZ, II
United States District Judge

Dated: November 4, 2016
      Brooklyn, New York